IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| LYNX SERVICES, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; SAFELITE GROUP, INC.; AND SAFELITE SOLUTIONS L.L.C. <br><br> Defendants. | Civil Action No. 25-cv-1251 <br><br> EQUITABLE RELIEF IS SOUGHT AND JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL AND MEMORANDUM IN SUPPORT**

Pursuant to Local Rule 5.10(A)(2), Plaintiff, LYNX Services, L.L.C. ("Plaintiff" or "LYNX") respectfully moves to file under seal certain confidential documents filed contemporaneously with this motion (hereafter "Confidential Documents"). The Confidential Documents include Plaintiff's Original Complaint, with attached Exhibits A-E, Emergency Application for a Temporary Restraining Order and Motion for a Preliminary Injunction and its Supporting Memorandum, with attached Exhibits A-N, including a Declaration from Lisa Langford, with attached Exhibits A-1 to A-4. The Confidential Documents have been provisionally filed under seal. Leave to file under seal should be granted because these materials contain trade secrets and other sensitive, proprietary business information of Plaintiff; and Plaintiff's confidential financial information, which Plaintiff is required to keep confidential under federal law.

## ARGUMENT

**I.     Confidential Documents That Contain Trade Secrets and Comparable Proprietary Business Information Are Properly Filed Under Seal**

The Confidential Documents filed contemporaneously with this motion are properly filed under seal because they contain trade secrets and comparable proprietary information. This Court has sealed documents when "they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). The subject matter of this lawsuit concerns misappropriation of Plaintiff's trade secrets, as described in its Confidential Documents. The supporting declarations and exhibits are necessary for Plaintiff to describe the trade secrets at issue and the misappropriation of the same, and to explain the basis for it requested relief.

These exhibits consist of detailed descriptions of trade secrets including: (1) a compilation service provider list; (2) a compilation of service area data; (3) pricing strategy and method; and (4) other highly confidential business strategies. Disclosure of these materials would be competitively disadvantageous to Plaintiff because Plaintiff's reputation and goodwill in the industry and with its customers is reliant upon it providing a unique service based largely on the incorporation of these trade secrets, and such disclosure would further allow other companies to compete with Plaintiff in a way they would not be able to without access to Plaintiff's trade secrets.

The Seventh Circuit has found that trade secret information is precisely the type of proprietary business information that can be filed under seal because its economic value depends upon its confidentiality. *See United States v. Sanford-Brown, Ltd.*, 788 F.3d 696, 713 (7th Cir. 2015) (finding that documents addressing internal operations, decision-making processes and strategies, employee compensation and bonuses "constitute[d] trade secrets . . . entitled to be sealed") (judgment vacated on other grounds); *see also Baxter Int'l, Inc.*, 297 F.3d at 547. Absent

2

this confidentiality, Plaintiff's competitors could use the information to duplicate Plaintiff's trade secrets, undermine Plaintiff's competitive advantage, and undercut Plaintiff's market position.

The Court should therefore permit Plaintiff to file these documents under seal. *See OSF Healthcare Sys.*, No. 11 C 50344, 2012 WL 1144620, at *3.

## CONCLUSION

The Court should grant Plaintiff's Motion for Leave to File Documents Under Seal for the reasons stated above.

Dated: June 27, 2025          FISH & RICHARDSON P.C.

By: /s/ *Louis E. Fogel*
Louis E. Fogel
fogel@fr.com
150 N. Riverside Plaza, Suite 2820
Chicago, IL 60606
Telephone: (312) 278-2601

John S. Goetz
goetz@fr.com
Michael T. Zoppo, *pending pro hac vice*
zoppo@fr.com
Vivian Cheng, *pending pro hac vice*
cheng@fr.com
7 Times Square, 20th Floor
New York, NY 10036
Telephone: (212) 765-5070
Facsimile: (212) 285-2291

Neil J. McNabnay, *pending pro hac vice*
mcnabnay@fr.com
David B. Conrad, *pending pro hac vice*
conrad@fr.com
Sarika N. Patel, *pending pro hac vice*
patel@fr.com
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Taylor Burgener, *pending pro hac vice*
burgener@fr.com
1000 Maine Ave. SW, Suite 1000
Washington, D.C. 20024
Telephone: (202) 626-6376
Facsimile: (214) 783-2331

**COUNSEL FOR PLAINTIFF**
**LYNX SERVICES, L.L.C.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on June 27, 2025.

/s/ *Louis E. Fogel*
Louis E. Fogel